IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN PARSONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-01682-K |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION and MICHAEL | § | |
| RANEY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sean Parsons has filed a Motion for Leave to File Supplemental Response to Defendant Liberty Insurance Corporation's Motion for Summary Judgment, *see* Dkt. No. 55, which United States District Judge Ed Kinkeade has referred to the undersigned magistrate judge for hearing if necessary and determination, *see* Dkt. No. 56.

Parsons requests leave to supplement his response to Liberty's pending summary judgment motion. Parsons makes his request under Federal Rule of Civil Procedure 15(d), which applies to the amendment of pleadings. But the proper authority for this motion is Northern District Civil Local Rule 56.7, which provides that "[e]xcept for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence." N.D. TEX. CIV. R. 56.7. "In short, Rule 56.7 'regulates the summary judgment materials that can be filed' by

requiring leave of court for supplemental materials." *Thomas v. State Farm Lloyds*, No. 3:15-cv-1937-B, 2016 WL 9527975, at *1–2 (N.D. Tex. Oct. 6, 2016) (quoting *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 3:06-cv-0073-D, 2007 WL 1969752, at *2 (N.D. Tex. June 27, 2007)). "Local Rule 56.7 gives a presiding judge leeway to allow a party to supplement its motion for summary judgment," *Smith v. State Farm Lloyds*, No. 2:18-cv-210-Z-BP, 2020 WL 2832393, at *5 (N.D. Tex. June 1, 2020), and "[t]he decision to grant or deny leave to supplement is within this Court's sound discretion," *Willingham v. Mktg. Assocs., Inc.*, No. 3:15-cv-1809-BN, 2016 WL 1182480, at *1 (N.D. Tex. Mar. 28, 2016).

Parsons contends that his supplement is necessary because new case law renders Liberty's arguments concerning his TPPCA claim no longer valid. It is true that, after filing his response to Liberty's summary judgment motion, the Fifth Circuit issued *Shin v. Allstate Texas Lloyd's*, 848 F. App'x 173 (5th Cir. 2021), in which the panel reversed a district court's summary judgment grant on a TPPCA claim with similar facts and legal issues as those presented here. But the holding in *Shin* was based entirely on the Texas Supreme Court's interpretation of the TPPCA in *Hinojos v. State Farm Lloyds*, 619 S.W.3d 651 (Tex. 2021), which was issued on March 19, 2021 – well before Parsons's response was due. Leave to file supplemental briefing on a case decided well before the deadline would normally not constitute "a good reason for allowing" a supplemental brief "at this stage of the summary judgment briefing." *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. CIV.A. 3:01-cv-1397, 2003 WL 251318, at *19 (N.D. Tex. Feb. 3, 2003).

That said, because *Hinojos* may materially affect the outcome of the TPPCA claim in this case, the Court would benefit from the parties' views on the case and how it applies to these facts. The Court will therefore consider Parsons's supplemental response brief, attached to his motion as Exhibit 1, to the extent it discusses *Hinojos* and the subsequent federal cases applying its holding. Liberty must file a reply to Parsons's supplemental brief, which addresses *Hinojos* and cases applying *Hinojos* and is no longer than 5 pages, by **June 21, 2021**.

SO ORDERED.

DATED: June 14, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE