IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN PARSONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1682-K |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION and MICHAEL | § | |
| RANEY, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Liberty Insurance Corporation has filed a Motion for Protective Order, *see* Dkt. No. 26, and a Motion to Quash, *see* Dkt. No. 36, which United States District Judge Ed Kinkeade has referred to the undersigned magistrate judge for hearing if necessary and determination, *see* Dkt. No. 44. Liberty requests that the Court quash the notices of depositions served by Parsons and stay discovery pending the resolution of Liberty's motion for summary judgment.

The Court has discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c)(1). When a summary judgment motion is filed before the close of discovery, filing that motion "does not automatically stay discovery until the motion is resolved." *Areizaga v. ADW Corp.*, No. 3:14-cv-2899-B, 2016 WL 3536859, at *2 (N.D. Tex. June 28, 2016). And, "while the rules do contemplate allowing discovery before responding to such a motion, ... a stay of all discovery pending a ruling on a motion for summary judgment is the exception rather than the rule." *Id.*

-1-

-2-

But a "district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). For example, "where discovery would not be useful to the resolution of a pending summary judgment motion presenting a question of law, it is not an abuse of discretion to grant" a motion to stay discovery pending the outcome of the summary judgment. *Sapp v. Memorial Hermann Healthcare Sys.*, 406 F. Appx 866, 870 (5th Cir. 2010) (footnotes and internal quotation marks omitted).

Here, Liberty has shown good cause to stay discovery until the Court resolves the pending motions for summary judgment. Both Liberty and Parsons have filed summary judgment motions that might be claim-determinative and may be decided on questions of law rather than factual issues. *See* Dkt. Nos. 23 & 48. And "the requested discovery is not likely to produce facts needed by [Parsons] to withstand" or sustain the motions for summary judgment. *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 436 (5th Cir. 1990) (cleaned up). Under these circumstances, "it would be wasteful to allow discovery on all issues raised in a broad complaint when … the case [may] not reach a determination on those merits." *Sapp*, 406 F. Appx at 870.

The Court therefore GRANTS Liberty's Motion for Protective Order [Dkt No. 26] and Motion to Quash [Dkt. No. 36] and quash the notices of depositions served by

Parsons and stay discovery pending the resolution of Liberty's motion for summary judgment.

    SO ORDERED.

    DATED: June 14, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE